T.C. Summary Opinion 2001-70


UNITED STATES TAX COURT



CHESTER W. BONAR, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5240-00S.                    Filed May 15, 2001.


Chester W. Bonar, pro se.

Kathleen K. Raup, for respondent.



DEAN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years in issue.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined deficiencies in petitioner's Federal income taxes of $2,352 for each of the 1995 and 1996 taxable years. The issue for decision is whether payments made by petitioner to his ex-wife in 1995 and 1996 are deductible as alimony under section 215(a).

## Background

The stipulation of facts and the accompanying exhibits are incorporated herein by reference. Petitioner resided in Philadelphia, Pennsylvania, at the time his petition was filed with the Court.

Petitioner was legally divorced from his ex-wife in 1993. Petitioner and his ex-wife entered into a Stipulation and Agreement (Agreement) dated June 25, 1993, providing for support for petitioner's ex-wife and children. With respect to child support, the Agreement provides in pertinent part:

> Husband shall pay to Wife as and for child support the amount of TWO HUNDRED SIXTY ($260) Dollars per week, payable on a weekly basis, subject to termination upon the death of the payor or infant children; upon each of the infant children attaining the age of eighteen (18), graduation from high school, marriage or other emancipation, whichever of said terminating contingencies shall first occur. If the child is a full time high school student, is not self-supporting and is living in the home of the parent receiving child support, the Husband shall continue to pay said child support until the child reaches the age of nineteen (19) or graduates from high school, whichever first occurs.

A separate provision addressing spousal support provides:

SPOUSAL SUPPORT/RETIREMENT: Husband shall pay to Wife as and for spousal support, alimony and maintenance, the periodic sum of SEVEN HUNDRED ($700) dollars per month, payable in one installment of $700.00 on the 20th day of each month, beginning July 20, 1993, subject to automatic termination upon (a) the Wife's re-marriage, or (b) the death of Wife or Husband, or (c) the youngest child reaching age eighteen (18), whichever of said terminating contingencies shall first occur.

Pursuant to the provision providing for spousal support, petitioner made payments to his former wife totaling $8,400 in 1995 and $8,400 in 1996. Petitioner treated the payments as alimony within the meaning of section 215(a) and deducted them from his gross income in 1995 and 1996 on his Forms 1040, U.S. Individual Income Tax Returns. Respondent determined that the payments were not deductible as alimony and issued petitioner a notice of deficiency.

## Discussion

Pursuant to sections 71(a) and 215(a), alimony is taxable to the recipient and is deductible by the payer. Child support payments, on the other hand, are neither includable in income under section 71 nor deductible under section 215. See sec. 71(c). Alimony is any payment in cash if:

(A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,

(B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income under this section and not allowable as a deduction under section 215,

(C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and

(D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.  [Sec. 71(b)(1).]

Child support is that part of a payment which the divorce or separation instrument fixes as payable for the support of the children of the payor spouse.  See sec. 71(c)(1).  An amount is treated as fixed under section 71(c)(1) and thus treated as child support if it will be reduced "on the happening of a contingency specified in the instrument relating to a child (such as attaining a specified age, marrying, dying, leaving school, or a similar contingency)".  Sec. 71(c)(2)(A).

Respondent maintains that petitioner's payments to his former spouse are not alimony within the meaning of section 71(b) and thus are not deductible.  Petitioner, on the other hand, maintains that the payments were made in accordance with the provision in the Agreement calling for "spousal support, alimony and maintenance" and that the Agreement had a separate provision providing for child support.  Petitioner also points out that his "alimony" payments to his former spouse were not reduced, as were the payments required under the Agreement for child support, in

1998 when his daughter Jacqueline Joan Bonar began living with him.

Regardless of the Agreement's characterization of petitioner's payments as alimony, the payments must meet the specific requirements of the Internal Revenue Code in order to be deductible from petitioner's gross income for Federal income tax purposes. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Section 71(c) specifically provides that a payment will be "treated as an amount fixed as payable for the support of children of the payor spouse" if the payments are reduced "on the happening of a contingency * * * relating to a child". Temporary regulations promulgated under section 71 make clear that payments may be treated as child support "even if other separate payments specifically are designated as payable for the support of a child of the payor spouse." Sec. 1.71-1T(c), Q&A-16, Temporary Income Tax Regs., 49 Fed. Reg. 34451, 34456 (Aug. 31, 1984).

Under the terms of the Agreement, the payments at issue are subject to automatic termination upon "the youngest child reaching age eighteen". This contingency renders petitioner's payments ineligible for treatment as alimony. See Hammond v. Commissioner, T.C. Memo. 1998-53; Fosberg v. Commissioner, T.C. Memo. 1992-713. We therefore hold that petitioner's payments are not deductible from his gross income in 1995 and 1996.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered for respondent.